```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THE HUMANE SOCIETY OF THE                    :
UNITED STATES,
                                              :
                    Plaintiff,                        06 Civ. 6829 (HB) (DF)
                                              :
         -against-                                    ORDER
                                              :
HVFG LLC,
                                              :
                    Defendant.
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/14/09

**DEBRA FREEMAN, United States Magistrate Judge:**

The Court having held conferences with counsel for the parties to this case on October 6 and 8, 2009, to resolve certain discovery disputes; and the Court having heard argument from both parties on the disputes at issue; it is hereby ORDERED, as stated at the conferences, that:

1. As Plaintiff has adequately demonstrated that the documents and information it is seeking from Defendant relating to its Concentrated Animal Feeding Operation ("CAFO") Permit are relevant to claims asserted in this case, Defendant's objection on relevancy grounds to the production of such documents or information, or to a site inspection related to Defendant's CAFO-Permit compliance, is overruled. Defendant may not withhold CAFO-Permit-related documents or information, or deny Plaintiff a site inspection, on relevancy grounds.

2. To the extent Defendant seeks to withhold documents, information or a site inspection related to its CAFO Permit on the grounds that (a) Plaintiff's requests would call for the production of confidential material or (b) a response would be unduly burdensome, the parties are directed to confer in good faith regarding a potential Confidentiality Stipulation and Order to propose to the Court, and regarding ways to ameliorate any undue burden. If the parties are unable to resolve these issues, then Defendant may file a motion for a protective order, under

Fed. R. Civ. P. 26(c), addressing Defendant's confidentiality and/or burden concerns. Any such motion shall be served and filed no later than October 15, 2009, and shall be supported with (a) specific explanations as to why the information at issue should be considered sensitive, proprietary, or otherwise entitled to confidentiality protection by the Court, and (b) if undue burden is claimed, an affidavit or declaration under penalty of perjury by a person with direct knowledge of how Defendants' documents or other information is maintained, setting forth, in detail, the reasons why the discovery sought would result in such a burden. Plaintiff shall serve and file its opposition to the motion no later than October 22, 2009, and Defendant's reply, if any, shall be served and filed no later than October 26, 2009.

3.  As Plaintiff has adequately demonstrated that its claims in this case relate to the time period from 2001 to the present, the Court finds that this is the appropriate time period for discovery in this action, and Plaintiff's request to compel Defendant to produce documents for this entire time period is granted.

4.  Plaintiff's request to compel production of Defendant's tax returns for the years 2006-2008 is denied, without prejudice to Plaintiff's making an appropriate showing, supported by case authority, that such production is warranted in this case. Any such application by Plaintiff shall be submitted no later than October 15, 2009, and any response by Defendant shall be submitted no later than October 22, 2009.

5.  Any documents produced by Defendant in this case shall be produced in accordance with Fed. R. Civ. P. 34(b)(2)(E)(i). If the documents are produced "as they are kept in the usual course of business," pursuant to this Rule, then they should be produced in such a way as to make clear to Plaintiff how the documents have been maintained by Defendant – specifying, for example, which documents were retrieved from which files.

2

6. No later than October 21, 2009, Defendant shall, as required by Fed. R. Civ. P. 26(a)(1)(A)(iv) and 26(e)(1)(B), provide Plaintiff with "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment."

7. No later than November 6, 2009, Defendant shall complete its production of documents responsive to any of Plaintiff's outstanding document requests, provide answers to any outstanding interrogatories, and make its site available for inspection. The documents and information to be produced by Defendant shall include information submitted (as well as information not submitted) to the New York Department of Environmental Conservation, information concerning any manure lagoons and/or the Fittkau Road facility, and electronic records, including e-mail. In particular, Defendant is directed to produce information in response to the following interrogatories and document requests served by Plaintiff: Interrogatories (First Set) Nos. 2 and 5–8, and Requests for Production Nos. 1-4 and 6-28.

8. Notwithstanding the above, if any outstanding discovery is the subject of a protective order motion submitted by Defendant in accordance with paragraph 2, *supra*, then, as to that particular discovery *only*, Defendant may await a ruling from this Court prior to making its further discovery responses.

9. Although the Court made oral rulings prior to this date, Defendant's time to appeal any aspect of this Order to the Hon. Harold Baer, Jr., shall run from the date of this written Order.

Dated: New York, New York
October 14, 2009

SO ORDERED

DEBRA FREEMAN
United States Magistrate Judge

Copies To:

Hon. Harold Baer, Jr., U.S.D.J.

Sarah Conant, Esq.
The Humance Society of the United States
2100 L Street, NW
Washington, DC 20037

David Lenefsky, Esq.
1 Columbus Place, S48C
New York, NY 10019

4